UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

NAOMI REED, on behalf of herself, and all other
persons similarly situated,

Case No.: 21-cv-05293 (EK)(JMW)

Plaintiff,

**ANSWER TO PLAINTIFF'S**
**COMPLAINT**

-against-

FRIENDS FOR LIFE HOME CARE SERVICES OF
BABYLON, LLC,

Defendant.

---------------------------------------------------------------X

Defendant FRIENDS FOR LIFE HOME CARE SERVICES OF BABYLON, LLC (the

"Defendant"), by its attorneys, KAUFMAN DOLOWICH & VOLUCK LLP, as and for its Answer

to the Complaint of NAOMI REED (the "Plaintiff") (hereinafter the "Complaint"), sets forth the

following:

### AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "NATURE OF THE ACTION"

1.     Defendant denies the allegations set forth in Paragraph "1" of the Complaint.

2.     Defendant denies the allegations set forth in Paragraph "2" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "THE PARTIES"

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "3" of the Complaint.

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "4" of the Complaint.

5.     Defendant admits the allegations set forth in Paragraph "5" of the Complaint.

6.     Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

7.    Defendant denies the allegations set forth in Paragraph "7" of the Complaint.

8.    Defendant neither admits nor denies the allegations set forth in Paragraph "8" of the Complaint, as they consist of legal conclusions to which no response is required.

9.    Defendant neither admits nor denies the allegations set forth in Paragraph "9" of the Complaint, as they consist of legal conclusions to which no response is required.

10.    Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11.    Defendant neither admits nor denies the allegations set forth in Paragraph "11" of the Complaint, as they consist of legal conclusions to which no response is required.

12.    Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "JURISDICTION AND VENUE"

13.    Defendant neither admits nor denies the allegations set forth in Paragraph "13" of the Complaint, as they consist of legal conclusions to which no response is required.

14.    Defendant neither admits nor denies the allegations set forth in Paragraph "14" of the Complaint, as they consist of legal conclusions to which no response is required.

## AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "COLLECTIVE ACTION ALLEGATIONS"

15.    Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16.    Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.    Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18.    Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19.    Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED "FACTS"

20.    Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37.     Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39.     Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "COUNT I (New York Labor Law – Minimum Wage)"

52. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "COUNT II (New York Labor Law – Failure to Pay For All Hours Worked)"

57. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

61. Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

62. Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "COUNT III (Fair Labor Standards Act – Overtime)"

63. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

67. Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "COUNT IV (New York Labor Law – Overtime)"

69. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint

73. Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "COUNT V (Fair Labor Standards Act – Failure to Pay Wages Promptly)"

74. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

75. Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

76. Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

77.     Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

78.     Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED
"COUNT VI (New York Labor Law – Failure to Pay Wages Timely)"**

79.     Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as set forth at length herein.

80.     Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

81.     Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

82.     Defendant denies the allegations set forth in Paragraph "82" of the Complaint.

83.     Defendant denies the allegations set forth in Paragraph "83" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED
"COUNT VII (New York Labor Law – Wage Parity Law Violations)"**

84.     Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as set forth at length herein.

85.     Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

86.     Defendant denies the allegations set forth in Paragraph "86" of the Complaint.

87.     Defendant denies the allegations set forth in Paragraph "87" of the Complaint.

88.     Defendant denies the allegations set forth in Paragraph "88" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED
"COUNT VIII (New York Labor Law – Spread of Hours)"**

89.     Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as set forth at length herein.

90.     Defendant denies the allegations set forth in Paragraph "90" of the Complaint.

91.     Defendant denies the allegations set forth in Paragraph "91" of the Complaint.

92.     Defendant denies the allegations set forth in Paragraph "92" of the Complaint.

93.     Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED
## "COUNT IX (New York Labor Law – Wage Theft Prevention Act)"

94.     Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as set forth at length herein.

95.     Defendant denies the allegations set forth in Paragraph "95" of the Complaint.

96.     Defendant denies the allegations set forth in Paragraph "96" of the Complaint.

97.     Defendant denies the allegations set forth in Paragraph "97" of the Complaint.

98.     Defendant denies the allegations set forth in Paragraph "98" of the Complaint.

99.     Defendant denies the allegations set forth in Paragraph "99" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT TITLED
## "PRAYER FOR RELIEF"

100.    Defendant denies the allegations contained in Paragraph (a) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

101.    Defendant denies the allegations contained in Paragraph (b) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

102.    Defendant denies the allegations contained in Paragraph (c) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

103.    Defendant denies the allegations contained in Paragraph (d) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

104.    Defendant denies the allegations contained in Paragraph (e) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

105.    Defendant denies the allegations contained in Paragraph (f) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

106.     Defendant denies the allegations contained in Paragraph (g) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

107.     Defendant denies the allegations contained in Paragraph (h) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

108.     Defendant denies the allegations contained in Paragraph (i) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

109.     Defendant denies the allegations contained in Paragraph (j) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

110.     Defendant denies the allegations contained in Paragraph (k) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

111.     Defendant denies the allegations contained in Paragraph (l) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

112.     Defendant denies the allegations contained in Paragraph (m) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

113.     Defendant denies the allegations contained in Paragraph (n) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

114.     Defendant denies the allegations contained in Paragraph (o) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

115.     Defendant denies the allegations contained in Paragraph (p) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

116.     Defendant denies the allegations contained in Paragraph (q) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

117.    Defendant denies the allegations contained in Paragraph (r) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

118.    Defendant reserves the right to plead additional separate affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

119.    Plaintiff's claims are barred to the extent she has failed to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

120.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period contained in 29 U.S.C § 255(a), or any similar state labor law, such claims of Plaintiff are barred. This defense also may apply to the claims of some or all of the alleged collective action members.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

121.    To the extent that Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of

29 U.S.C. §§ 258 and 259. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

122.      To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"), Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 260 and/or the provisions of NYLL § 198. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

123.      Defendant asserts a lack of willfulness or intent to violate the FLSA or NYLL as a defense to any claim by Plaintiff for liquidated damages to the extent it acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that its actions did not violate the FLSA or NYLL. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

124.      Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets and/or credits permissible under the FLSA and/or NYLL, including but not limited to those provided for in 29 U.S.C. §§ 207, 213, and its state law equivalents. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

125.     To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.  This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

126.     To the extent that any of the activities alleged in the Complaint do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.  This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

127.     Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to Plaintiff's principal activities or incidental to them.  This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

128.     Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.  This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

129.     To the extent Defendant failed to provide Plaintiff with notices required by NYLL § 195(1) but reasonably believed in good faith that they were not required to provide Plaintiff with such notices, Plaintiff is not entitled to any damages due to a failure to

provide notices. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

130.     Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL and Home Care Worker Wage Parity Law claims. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

131.     To the extent Defendant failed to provide Plaintiff with notices required by NYLL § 195(1) but made complete and timely payment of all wages due pursuant to the NYLL, Plaintiff is not entitled to any damages due to a failure to provide notices. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

132.     Defendant has not willfully failed to pay Plaintiff wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

133.     Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of the stated claims to the extent such interest is not permitted by the applicable statute. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

134.     Defendant was not Plaintiff's employer under the FLSA or NYLL. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

135.     Plaintiff was not an employee of Defendant under the FLSA or NYLL. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

136.     To the extent that discovery reveals that Plaintiff falsely reported her hours, and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report her hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to her hours, Defendant hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE

137.     To the extent that Defendant is or was neither an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA and Plaintiff was neither "engaged in commerce or in the production of goods for commerce" under the FLSA for Defendant, Defendant is/was not obligated to pay overtime under the FLSA. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE

138.     Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for himself, to the extent Defendant has not willfully or intentionally failed to pay such additional compensation, the remedies available to Plaintiff are appropriately limited thereby. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE

139.     To the extent Defendant paid Plaintiff any of the wages sought in the Complaint, Plaintiff's related claims are barred by the doctrine of payment, partial or whole. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE

140.     To the extent Defendant failed to provide Plaintiff with statements required by NYLL § 195(3) but reasonably believed in good faith that they were not required to provide Plaintiff with such statements, Plaintiff is not entitled to any damages due to a failure to provide statements. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-THIRD AFFIRMATIVE DEFENSE

141.     To the extent Defendant failed to provide Plaintiff with statements required by NYLL § 195(3) but made complete and timely payment of all wages due pursuant to the NYLL, Plaintiff is not entitled to any damages due to a failure to provide statements. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-FOURTH AFFIRMATIVE DEFENSE

142.　　The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged and/or abandoned. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-FIFTH AFFIRMATIVE DEFENSE

143.　　To the extent Defendant complied with NYLL § 652, all relevant wage orders and regulations, and paid Plaintiff at or above the applicable minimum wage for all hours worked, such related claim of Plaintiff is barred. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-SIXTH AFFIRMATIVE DEFENSE

144.　　To the extent Plaintiff lacks standing to bring any of the claims asserted in their Complaint, such claims are barred. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE

145.　　Plaintiff's FLSA claims, including but not limited to Plaintiff's collective action claims, are barred during any years in which the annual dollar volume of sales or business of Defendant was less than $500,000.00. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE

146.　　There are no employees of Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR DEFENDANT'S TWENTY-NINTH AFFIRMATIVE DEFENSE

147.     This case may not be maintained as a collective action because Plaintiff is not an adequate representative for the persons whom she purports to represent.  There being no appropriate representative, Plaintiff's collective action allegations must be stricken, and the collective action claims dismissed.

## AS AND FOR DEFENDANT'S THIRTIETH AFFIRMATIVE DEFENSE

148.     To the extent any of Plaintiff's workdays did not extend over a period of time in excess of ten (10) hours, she is not entitled to any spread of hours pay for such workdays. This defense also may apply to the claims of some or all of the alleged collective action members.

## AS AND FOR DEFENDANT'S THIRTY-FIRST AFFIRMATIVE DEFENSE

149.     To the extent that Plaintiff had any workdays that extended over a period of time in excess of ten (10) hours, but Plaintiff's total wages for such workdays were greater than or equal to the total of the minimum wage for each hour worked plus an additional hour at the minimum wage, Plaintiff is not entitled to any spread of hours pay for such workdays.  This defense also may apply to the claims of some or all of the alleged collective action members.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded its reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated:  Woodbury, New York
        January 20, 2022

Kaufman Dolowich & Voluck LLP
*Attorneys for Defendant*

By: _____
        Matthew Cohen, Esq.
        Caitlyn O'Neill, Esq.
        135 Crossways Park Drive, Suite 201
        Woodbury, New York 11797
        Phone: (516) 681-1100
        Fax: (516) 681-1101
        mcohen@kdvlaw.com
        coneill@kdvlaw.com

To:    All Counsel of Record (via ECF)