# THE SAMUEL LAW FIRM

ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

| | | |
|---|---|---|
| **MICHAEL SAMUEL**<br>michael@thesamuellawfirm.com | July 14, 2023 | ADMITTED IN<br>NY |

**Via ECF**

The Hon. James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11742

*Re: Naomi Reed v. Friends For Life Homecare LLC*
*Case No. 1-21-cv-05293 (EK) (JMW)*

Dear Judge Wicks:

     We represent plaintiff Naomi Reid[1] in the above-referenced action and respectfully submit this fairness letter to the Court with the approval of Defendant Friends For Life Homecare LLC ("Defendant") for the Court's assessment and approval of the Settlement and Release Agreement reached by the parties in connection with Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims (the "Settlement Agreement"). The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties respectfully submit that the Court should approve the Settlement Agreement and dismiss Plaintiffs' claims in this case with prejudice because the settlement is a fair resolution of such claims, negotiated in an arm's length negotiation between experienced counsel, after discovery, court-referred mediation and agreed to during a Settlement Conference before Your Honor. A copy of the Settlement Agreement is provided herewith as Exhibit "A".

Background

     Plaintiff alleges that she was employed by Defendant as a home health aide beginning in April 2019 until early March 2021. Plaintiff commenced this action on September 23, 2021, alleging, *inter alia*, unpaid overtime wages under the FLSA and the NYLL, unpaid spread of hours under the NYLL, and claims under the NYLL for wage parity violations and failure to provide wage notices and wage statements under the NYLL.

     In the complaint, Plaintiff alleged that Defendant failed to compensate her for hours worked over 40 during each workweek, and that at times Plaintiff's pay did not meet the

---

[1] Ms. Reid's last name is incorrectly spelled 'Reed' in the caption and pleadings.

1

satisfactory minimum wage rate set by the state of New York. Additionally, Plaintiff asserted that Defendant failed to provide her with the notices or weekly wage statements required by the NYLL. Regarding her overtime claims, Plaintiff alleged that Defendant should have fully compensated her for all 24 hours of each live-in shift she worked because Plaintiff did not get the legally mandated, minimum uninterrupted hours of sleep during such 24-hour shifts as a result of Plaintiff having to attend to patient needs.

Defendant vehemently denies Plaintiff's allegations in their entirety and asserts that it never employed Plaintiff. Instead, Defendant asserts that Plaintiff performed services as an independent contractor for Friends For Life Home Care Services LLC ("FFLHCS"). Defendant, in its Answer filed on January 20, 2022, denied all substantive allegations made by Plaintiff in the Complaint. The Settlement Agreement shall not be interpreted as an admission of liability of any kind by the Defendant.

### FLSA Settlement Agreement

The parties engaged in negotiations and document exchange, which included the exchange of copies of Plaintiff's pay stubs and payroll records maintained by FFLHCS, an Independent Contractor Agreement signed by Plaintiff, and text messages from Plaintiff. The parties also participated in Court-referred mediation on July 18, 2022, followed by a Settlement Conference with Your Honor, on April 27, 2023, which resulted in the settlement described herein.

The Settlement Agreement submitted provides that the parties agree to settle Plaintiff's claims, including her FLSA claims, against Defendant for a gross total of **Seventy-Thousand Dollars ($70,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount of Plaintiff's claims is less than what Plaintiff calculates her maximum possible recovery to be, the parties believe the Settlement Agreement to be a fair resolution of Plaintiffs' claims in this matter, especially in light of the risk that Plaintiff ultimately end up with nothing if Defendant can establish that Plaintiff was only an independent contractor of FFLHCS and thus was never employed by Defendant or FFLHCS, and the substantial risk regarding collectability in light of the claimed financial hardship of both Defendant and FFLHCS.

By settling now, Plaintiff is ensured to receive a significant portion of what Plaintiff alleges she could potentially recover in total at trial, including the money she might be awarded under the Fair Labor Standards Act, and that she can do so without having to wait through any additional months of litigation, pretrial motions, or the significant uncertainty and risks of trial and, if successful at trial, collectability of any potential judgment.

### FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*,

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, the parties suggest that they weigh strongly in favor of settlement approval.

This settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same, and risks regarding collectability of any potential judgment in light of Defendant and FFLHCS' claimed financial hardship. Because the parties engaged in significant document exchange, mediation, settlement negotiations, and a Settlement Conference, they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiffs might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the FLSA Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and counsel exchanged discovery, participated in mediation, and exchanged multiple demands and offers of settlement with Defendant before settling on the terms of this proposed settlement following the Settlement Conference with Your Honor. Counsel for Defendant are also experienced employment law and litigation attorneys. Moreover, prior to entering into the Settlement Agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other

3

employees or their rights. Plaintiff is not employed by Defendant so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

## Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiff, we will retain 1/3 of the FLSA settlement (i.e., a total of **$23,333**) as attorneys' fees.

In total, Plaintiffs' counsel expended 41.3 hours in representation of Plaintiff, including hours related to the negotiation and preparation of the Settlement Agreement and this letter. I am a founding partner of the Samuel Law Firm. I have been admitted to practice law in New York since 1993 and focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $450. My colleague, Andrew Beresin, counsel to the Firm, was admitted to practice in 1992, and has litigated more than 50 such cases during the past three years. His hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached as Exhibit "B" is a record of all time spent by Plaintiff's counsel on this matter.

We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

## Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Settlement Agreement does not contain a broad, general release of Plaintiff's actual and potential claims and is instead limited to a release of Plaintiff's actual and potential wage and hour claims. The Settlement Agreement also does not contain any restrictive confidentiality provisions.

Conclusion

  For all of the reasons set forth above, the parties respectfully request that the Court approve the Settlement Agreement attached hereto and So Order the Stipulation of Dismissal with Prejudice which is attached to the Settlement Agreement filed herewith as Exhibit A. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

                  Respectfully submitted,

                  /s/ *Michael Samuel*
                  Michael Samuel, Esq.

                  *Counsel for Plaintiff*

Encl.

Cc: Matthew Cohen, Esq. (VIA ECF)
   Kaufman, Dolowich & Voluck LLP
   135 Crossways Park Drive, Suite 201
   Woodbury, NY 11797
   mcohen@kdvlaw.com

   *Counsel for Defendant*